# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ABIRA MEDICAL LABORATORIES,
LLC d/b/a GENESIS DIAGNOSTICS,

      Plaintiff,

      v.

HUMANA INC. and its affiliates,
ABC COMPANIES 1-100, and JOHN
DOES 1-100,[1]

      Defendants.

Civ. No. 22-06190 (KM) (JRA)

**OPINION**

KEVIN MCNULTY, U.S.D.J.:

Plaintiff Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics ("Genesis"), a Pennsylvania-based laboratory services provider, filed this civil action in New Jersey state court against Humana Inc. ("Humana"), a global health insurance company. Genesis alleges that Humana has failed to meet its payment obligations for services Genesis rendered to enrollees in health insurance plans offered by Humana's subsidiaries.

Now before the Court is Humana's motion to dismiss Genesis' complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Humana's motion to dismiss is **GRANTED**.

## I. BACKGROUND

On September 20, 2022, Genesis filed the complaint in this action in the Superior Court of New Jersey, Law Division, Bergen County. (DE 1-2.) For purposes of this motion to dismiss, the allegations of the complaint are assumed to be true. They are as follows:

---

[1] "ABC Companies 1-100" and "John Does 1-100" are identified in the complaint as "fictitious and unknown defendants." (Compl. ¶ 11.) I disregard these placeholders.

Genesis is a laboratory services provider based in Pennsylvania. (Compl. ¶ 6.)[2] Genesis alleges that over a period of several years, Humana and its subsidiaries failed to pay Genesis for out-of-network services Genesis rendered to enrollees in health insurance plans offered by Humana's subsidiaries.[3] (*Id.* ¶ 9.) According to Genesis, after submitting claims for payment, Humana and its subsidiaries would either refuse to make payment or fail to respond to Genesis' claims altogether. (*Id.* ¶ 10.) Genesis further alleges that it was typical for Humana and its subsidiaries to provide baseless excuses for their refusal to process Genesis' claims, asserting, for example, that Genesis' claims were untimely or lacked adequate information. (*Id.* ¶ 11.) Genesis alleges that Humana and its subsidiaries breached certain contractual payment obligations, as well as their obligation to reimburse Genesis for COVID-19 testing under the Families First Coronavirus Response Act (the "FFCRA") and the Coronavirus Aid, Relief, and Economic Security Act (the

---

[2]     Certain citations to record are abbreviated as follows:

> "DE" = Docket entry number in this case
>
> "Compl." = Genesis' complaint (DE 1-2)
>
> "Mot." = Memorandum of Law in Support of Defendant Humana Inc.'s Motion to Dismiss (DE 8)
>
> "Opp." = Plaintiff's Memorandum of Law in Opposition to Defendant Humana Inc.'s Motion to Dismiss (DE 21)
>
> "Reply" = Reply Brief in Support of Defendant Humana Inc.'s Motion to Dismiss (DE 22)

[3]     To be clear, Genesis refers to Humana as a "global health insurance provider" and collectively refers to Humana and certain unnamed affiliates as "health insurance issuers." (*See* Compl. ¶¶ 7, 13.) However, Humana contends in its motion to dismiss that it is merely a "holding company that does not offer any health insurance plan, and is not licensed to offer any health insurance plan, in New Jersey or otherwise." (Mot. at 6-7.) In its opposition, Genesis appears to accept this fact while maintaining that Humana can be liable "for the acts of a business partner where the acts are executed in the usual way of carrying on the business relationship." (Opp. at 7 (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 95 n. 1 (3d Cir. 2004)).) I therefore construe Genesis' allegations to refer to nonpayment for services rendered to customers of Humana's unnamed affiliates, rather than customers of Humana itself.

"CARES Act"). (*Id.* ¶ 12.) In light of the foregoing, Genesis asserts claims for 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; 3) violation of the FFRCA and CARES Act; 4) fraudulent and negligent misrepresentation, along with equitable and promissory estoppel; 5) unjust enrichment; and 6) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Act (*Id.* ¶¶ 26-67.)

On October 20, 2022, Humana timely removed the case to this Court. (DE 1.) On November 10, 2022, Humana filed the present motion to dismiss Genesis' complaint for lack of personal jurisdiction and for failure to state a claim. (DE 7, 8.) On December 23, 2022, Genesis filed its opposition to Humana's motion to dismiss. (DE 21.) On January 11, 2023, Humana filed a reply brief in support of its motion to dismiss. (DE 22.) The motion to dismiss is thus fully briefed and ripe for decision.

## II.  DISCUSSION

Humana moves to dismiss Genesis' complaint on the grounds that 1) this Court lacks personal jurisdiction over Humana, and 2) Genesis' complaint fails to state a claim upon which relief can be granted. (Mot. at. 4-5) As I explain in the following discussion, Genesis does not plead sufficient facts to establish that Humana is subject to this Court's jurisdiction. I will therefore dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) without prejudice, and do not reach Humana's pleading arguments under Fed. R. Civ. P. 12(b)(6).

### A. Legal Standard

A plaintiff bears the burden of establishing sufficient facts to show that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2001). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), it must still examine any evidence presented with regard to disputed factual allegations, *see, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155–56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*,

893 F.2d 595, 603–04 (3d Cir. 1990) ("Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.") (quoting *Time Share Vacation Club v. Atl Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction. "Once the motion is made, Plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

To assess whether it has personal jurisdiction over a defendant, a district court will undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.*, No. 10-4207, 2011 U.S. Dist. LEXIS 86643, 2011 WL 3444218 (D.N.J. Aug. 5, 2011) (citing *IMO Indus.*, 155 F.3d at 259).

In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

*Provident Nat'l Bank v. Cat Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A district court may hear a case involving a non-resident defendant if it possesses either of two kinds of personal jurisdiction: general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984). A court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. *Id.* at 415. The defendant's "contacts need not relate to the subject matter of the litigation," *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 633 (D.N.J. 2004), but must rise to "a very high threshold of business activity.' " *Id.* at 633 (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 891 (3d Cir. 1981)). The facts required to establish sufficient contacts for general jurisdiction must be extensive and persuasive. *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982). In other words, the plaintiff must demonstrate "significantly more than minimum contacts." *Provident Nat'l Bank*, 819 F.2d at 437.

In contrast to general jurisdiction, specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiff's claims. *See Helicopteros*, 466 U.S. at 413–14. Establishing specific jurisdiction requires a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n.18.

**B. Analysis**

Genesis has not met its burden to establish that Humana is subject to general or specific jurisdiction in New Jersey.

Although Genesis does not address general jurisdiction, I discuss it briefly. As noted, Genesis would bear the burden of establishing that Humana has such "continuous and systematic contacts" with New Jersey that it is subject to this Court's general jurisdiction. *Helicopteros*, 466 U.S. at 415. The allegations in the complaint do not support such a finding, and there is no further evidence to that effect. Genesis alleges, and Humana confirms, that Humana is incorporated in Delaware and has its principal place of business in Kentucky. (Compl. ¶ 7; Mot. at 9.) Failing to provide *any* information about *any* contacts Humana has with New Jersey, save the general assertion that Humana has business affiliates that conduct business in the state (Opp. at 7), Genesis has not established that Humana is subject to general jurisdiction.

Moving on to specific jurisdiction, Genesis' failure to establish or even allege facts pertaining to Humana's contacts with New Jersey is again dispositive. In its complaint, Genesis alleges that Humana and certain unnamed subsidiaries or affiliates failed to reimburse Genesis for medical services provided to individuals covered by health insurance plans offered by Humana and these other entities. (Compl. ¶ 4.) According to Genesis, the "provision of medical services and subsequent tortious withholding of reimbursement occurred in New Jersey," so Humana "acted tortiously in New Jersey." (Opp. at 7.) In response to Humana's assertion that Humana is merely a "holding company that does not offer any health insurance plan, and is not licensed to offer any health insurance plan, in New Jersey or otherwise" (Mot. at 6-7), Genesis contends that this Court must nevertheless have personal jurisdiction over Humana by virtue of Humana's relationship with affiliate insurance providers, noting that "a defendant can be liable for the acts of a business partner where the acts are executed in the way of carrying on the business relationship" (Opp. at 7). But Genesis has not so much as identified

Humana's alleged business partners, nor has it even alleged, let alone established, facts to show how these purported business relationships gave rise to contacts with the forum state or this litigation.[4] Because Genesis has not shown that Humana purposely directed any activities at the forum, *see O'Connor*, 496 F.3d at 317, it has failed to establish that Humana is subject to this Court's specific jurisdiction.

*   *   *

Genesis has failed to show that Humana has sufficient contacts with the forum to justify either specific or general jurisdiction, and the complaint must be dismissed.[5] I note, however, that the defects in the complaint relate to jurisdictional pleading and might well be remedied by an amended complaint that supplements the factual allegations with further detail regarding the

---

[4]    It is for this same reason that there is no merit to Genesis' alternative argument that the Court should "pierce the corporate veil because Humana used its subsidiaries to perpetrate fraud, injustice, and circumvent the law." (Opp. at 8.) Genesis accurately recites that a New Jersey federal court may exercise jurisdiction over a defendant corporation whose only connection with the forum state is through its subsidiary if the parent corporation used its subsidiary "to perpetrate a fraud or injustice." *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 443 (D.N.J. 1998); *see also State Dep't of Env't Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983). But again, Genesis has not identified any such Humana subsidiaries. Moreover, Genesis has not alleged any facts regarding Humana's relationship with its subsidiaries or how Humana "used" them in any way.

[5]    In the event the Court finds that Genesis has failed to make a prima facie showing of personal jurisdiction, Genesis requests that the Court grant it leave to engage in jurisdictional discovery to assist it "in discharging its burden of establishing personal jurisdiction." (Opp. at 8 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir.2003) (quotations omitted).) I will deny this request. Jurisdictional discovery is a useful tool for helping plaintiffs ascertain information to which they might not otherwise have access that could be determinative of whether the Court has personal jurisdiction over a defendant. This does not describe Genesis' present situation. Genesis failed to name even one of Humana's affiliates as a defendant, despite purporting to have a contractual relationship with several of these affiliates and being aware that they "number in the hundreds." (Opp. at 7.) It is clear that this is not a case in which a plaintiff needs the Court's assistance in ascertaining crucial jurisdictional information, but rather a situation in which the plaintiff "fail[ed] to conduct the required diligence about the appropriate defendant(s) to name in a lawsuit." (Reply at 7.)

7

identities of Humana's subsidiaries or affiliates who allegedly withheld reimbursement from Genesis, the nature of Humana's relationships with those entities, and the contacts these relationships generated between Humana and New Jersey. And, having done the necessary pre-suit diligence and set the table with appropriate allegations, Genesis might find itself in a position to litigate the issue of personal jurisdiction, with or without discovery. I will therefore dismiss without prejudice.

## III.   CONCLUSION

For the reasons set forth above, Humana's motion to dismiss is **GRANTED**.

The dismissal is granted without prejudice to the submission of a proposed amended complaint within 60 days, without the necessity of a formal motion to amend. If no proposed amended complaint is filed, the dismissal shall become one with prejudice.

An appropriate order follows.

Dated: April 24, 2023

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**